NÚÑEZ ET AL., APPELLANTS, *v.* HEIRS OF RIVERA ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 914.—Decided June 17, 1913.

TITLE TO PROPERTY—PRESCRIPTION—GOOD FAITH—PRESUMPTION.—As good faith
   is always presumed, where a plaintiff admits a just title in the defendant
   or his predecessors in title and also admits the necessary lapse of time to

found the title by prescription, in order to overthrow the title of the defendant based on prescription it is necessary that the plaintiff allege and prove bad faith on the part of the defendant.

ID.—EVIDENCE—DOCUMENTS OVER THIRTY YEARS OLD.—In this case more than forty years elapsed between the date of the execution of the deed of conveyance to the property in litigation by Manuel Saturnino Rivera in favor of María Engracia Náter and that of the bringing of this action and according to subdivision 33 of section 102 of the Law of Evidence of March 9, 1905, said document is genuine. It was held, among other things, that the defendants established a good title to the property in litigation and that said title was not destroyed by the evidence of the plaintiffs.

ID.—EVIDENCE—DOCUMENTS OVER THIRTY YEARS OLD.—The recital in a document more than thirty years old that the predecessors in title of the plaintiffs sold a certain property to the predecessors in title of the defendants is sufficient *prima facie* evidence of the title of the defendants to said property.

PRESCRIPTION—BAD FAITH OF PREDECESSOR—POSSESSION.—A defendant in possession in good faith and with just title for more than ten years cannot be charged with the bad faith of his predecessor in title.

The facts are stated in the opinion.

Mr. *López Landrón* for appellants.

Mr. *A. Sarmiento* for respondents Belén, Herminio and Mercedes Padial and Isabel Núñez.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment in this case must be affirmed principally on the ground that prescription has run in favor of the defendant, Isabel Núñez Rivera. Numerous other persons were made defendants in this case, but as Isabel Núñez Rivera is in possession of the property in litigation claiming it as her own, and as she is alleged to be the person who holds adversely to the claims of the complainants, no other defendants need be considered.

Gonzalo Núñez Rivera and Matilde Núñez Aguayo are the complainants in this case and each is an heir of Juan Basilio Núñez y Urquizu although by different mothers. Their father was married twice. From 1842 to 1863 the said Juan Basilio Núñez was in possession of the property, Isleta, composed of 430 acres, with the consent of Francisco Stewart, the real owner, who on October 8, 1863, sold the property to the said father of the complainants. Of this property Juan Basilio Núñez sold to others two portions

of land consisting of 88 and 135 acres respectively. He died testate in Jersey City, New Jersey, in April, 1892, and named as his sole heirs the persons who would have naturally been entitled to inherit, namely, the children of both marriages and his second wife. Isabel Núñez Rivera was one of the daughters of Juan Basilio Núñez by his first wife.

These facts appear in substance from the first 13 paragraphs of the complaint. The remaining paragraphs thereof are as follows:

"14. That the acquisition by the defendant, Isabel Núñez y Rivera, sprang from an entirely different source, viz., from one Manuel Saturnino Rivera who had absolutely no title of ownership and who neither had nor derived any right to the property claimed, 'Isleta,' under or by virtue of the title of the lawful owner, Juan Basilio Núñez. And your petitioners further allege that Manuel Saturnino Rivera, in order to obtain an ostensible though fictitious title to the said property, 'Isleta,' based on absolutely no grounds of ownership, sold and conveyed to María Engracia Náter by public deed dated June 30, 1869, 147 *cuerdas* of the aforesaid property for a fictitious cash consideration of $14, without possessing any real or effective right of ownership or possession. The said María Engracia Náter in turn conveyed the same to José Dolores Infante y Santana under deed of conveyance dated August 12, 1880, and the latter shortly after reconveyed them under deed dated August 24, 1880, to the said María Engracia Náter, who transferred 87 or 90 *cuerdas* thereof a short time thereafter to her grandchild, Isabel Núñez Rivera, the defendant herein, by deed of November 7, 1881.

"15. That the eldest of the coheirs, Isabel Núñez y Rivera, entered into possession of the aforesaid property, 'Isleta,'—that is to say, of the portion thereof which originally consisted of 147 *cuerdas,* in the name and right of her putative father, and of his family during his absence in the United States, in the year 1885, and has remained in possession up to the death of her father and ancestor, Núñez Urquizu, in New York in 1892, since which date she has unlawfully held and retained possession of an area reduced to 87 or 90 *cuerdas,* depriving her brothers and coheirs from the enjoyment or benefit thereof without allowing them any share in the property or in the proceeds thereof. Of the said piece or portion of the said property,

'Isleta,' withheld by María Engracia Náter and Isabel Núñez Rivera, the following lot is recorded in the registry of property in favor of the latter:

" '1. Rural. A piece of land segregated from another and larger piece described as follows: Situated in the ward of Juan Sánchez at the place known as "Isleta" of the jurisdiction of Bayamón. It consists of from 87 to 90 *cuerdas,* more or less. It is bounded on the north by the town of Bayamón; on the south by property of Fernando Segundo Montilla; on the west by property of Cándido Cobián; and on the east by that belonging to the Succession of Morales and of the aforesaid Montilla. From north to south the said property crosses the road leading to Guainabo and from east to west a part of another road which leads to Río Hondo. On the said property there is a frame dwelling house of one story with zinc roofing.'

"16. That neither Juan Basilio Núñez Urquizu, his first nor second wife, nor his heirs, the plaintiffs herein, have executed any deed or conveyance of any class whatsoever, nor have they agreed so to do, in favor of Manuel Saturnino Rivera or of any of the defendants of the before-described property, 'Isleta,' either in whole or in part.

"17. That the 87 or 90 *cuerdas* 'of the said property, 'Isleta,' withheld by Isabel Núñez y Rivera, are estimated to have yielded an average annual return amounting to $90 monthly, and the remainder $80 monthly.

"18. That the plaintiff, Gonzalo Núñez y Rivera, left this Island during his minority without being cognizant of the foregoing particulars, and returned to Porto Rico about the end of the year 1909.

"19. That Amalia Aguayo y Canales, the second wife of Juan Basilio Núñez Urquizu, died in Bayamón on November 26, 1898, her only daughter, the petitioner Matilde Núñez y Aguayo, inheriting all her rights.

"20. That on various occasions during the month of April, 1890, and during the year of 1910 and from the year 1890 to date, the defendants have acknowledged expressly and impliedly at times, and expressly on other occasions, that the plaintiffs are entitled to their inherited undivided shares in the 147 *cuerdas* forming part and comprising the remainder of the property, 'Isleta,' and described in the fifteenth paragraph of this complaint.

"21. That the heirs of Josefa Rosenda Núñez Rivera, namely Herminio, Isabel, Mercedes, and Belén Padial Núñez, appear in this

action as defendants on account of their refusal to come in as party plaintiffs.

"Wherefore, the plaintiffs pray that this honorable court in due course render final judgment ordering the defendants to proceed to the legal partition and division of the said inherited estate, 'Isleta,' described and referred to in paragraphs 14 and 15 of this complaint, decreeing the restitution or delivery to your petitioners of the ownership interests or the parts thereof that may pertain to them under the law, or in lieu of same, their value in currency, together with the proper share of all classes of proceeds arising, or that could have arisen, since the year 1885, the amount of which to be determined by experts up to the time of the restitution, as well as the costs and disbursements of this action."

Isabel Núñez Rivera on answering the complaint denied the averments of the same that militated against her and set up two defenses. The first of these defenses was that the action, being a personal one, had prescribed by reason of section 1865 of the Civil Code, more than 15 years having elapsed, and as a second defense, the acquisition of a title by ordinary prescription in virtue of section 1858 of the Civil Code.

If paragraph 14 of the complaint be examined, it will be seen that, standing alone, it admits that in its origin the acquisition of the property was a just and sufficient one, in the absence of bad faith, upon which to found, with the necessary lapse of time, a title by ordinary prescription, a defense alleged by the defendant. In such paragraph Isabel Núñez Rivera appears to have derived a title from Manuel Saturnino Rivera and, ultimately, from her grandmother, María Engracia Náter; while paragraph 14 of the complaint avers that Manuel Saturnino absolutely lacked a title and that María Engracia Náter paid a fictitious sum for such property, there is no charge in that paragraph of lack of good faith against the defendant, Isabel Núñez Rivera. Indeed, there is no charge of bad faith against María Engracia Náter other than that the price of her purchase from Rivera was fictitious, an averment entirely consistent with the pay-

ment of a valuable consideration and, hence, of good faith on her part.

As good faith is always presumed, where a complainant admits a just title in the defendant or his predecessors in title and also admits the necessary lapse of time to found the title by prescription, the lack of good faith must be alleged and the burden of proving it is cast on such complainant, supposing always that the defendant is relying on a title by prescription. The only averment of bad faith is contained in the fifteenth paragraph of the complaint.

Under this state of the facts the complainant would have been bound to prove that Isabel Núñez Rivera took possession of 147 acres of land belonging to the property Isleta at the instance and in the name of her legitimate father and his family from the time of his absence in the United States since 1885 and thenceforward. The facts of the trial were quite otherwise. Isabel Núñez Rivera acquired her property in 1881 and recorded her rights in the registry of property. There was no satisfactory proof, if any at all, that the defendant knew that her father ever owned the property in question. Her grandmother, María Engracia Náter, lived on the property with the full knowledge of Juan Basilio Núñez, the son-in-law of the said María Engracia Náter. As we have indicated before, the fact that there was a false recital of the purchase price would not prove the bad faith of María Engracia Náter. In one of the subsequent deeds in the chain of titles of the defendant the fact of the true consideration between the parties was stated, but even if the consideration was a false one, it would not prejudice the defendant, Isabel Núñez Rivera.

There was some effort at the trial to show that rents were received by Isabel Núñez Rivera, but the proof only tended to show that Fidel Guillermety collected the rents and transmitted them to Josefa Núñez Rivera, a sister. There was no proof that Isabel Núñez Rivera took charge of the land in the name and at the instance of her father or his family.

It will be noticed that in paragraph 20 of the complaint it is charged that the defendants have acknowledged the hereditary shares of the complainants in the property Isleta. The only proof tending to show such claim is evidence that Gonzalo Núñez, in 1890, renounced all his rights in the small part of the inheritance of his parents in favor of the heirs of Josefa Núñez Rivera. We agree with the appellants that this renunciation was not binding on Gonzalo Núñez because of the lack of the necessary legal conditions, but on the other hand the acceptance of this renunciation on the part of the heirs of Josefa Núñez Rivera was not binding on Isabel Núñez Rivera and, furthermore, no reference was made in this renunciation to any specific property. There is no proof that Isabel Núñez Rivera ever acknowledged the proprietorship of the complainants or either of them.

The court below seems to incline to the opinion that Isabel Nuñez Rivera showed a good title in herself without relying on the question of prescription, and we are likewise inclined to think so. The deed of Manuel Saturnino Rivera was executed in 1869 and this trial was begun in 1911, consequently more than 40 years have elapsed since the alienation from Manuel Saturnino Rivera to María Engracia Náter. María Engracia Náter was in possession of the *finca* apparently claiming its ownership. The deed to her recited that Manuel Saturnino Rivera acquired the property from Juan Basilio Núñez. After this lapse of time the presumption would be in favor of the correct recital in the deed, and subdivision 33 of section 102 of the Law of Evidence says that a document or writing more than 30 years old is genuine, when the same has since been generally acted upon as genuine by persons having an interest in the question, and its custody has been satisfactorily explained. The document in question is more than 30 years old and its possession antedates the possession of Isabel Núñez Rivera in 1881. We think that the defendant made out a good presumptive title

to the property in question and that such presumptive title was not destroyed by the proof of the complainant.

It becomes unnecessary to consider the other defense in regard to the prescription of the action.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.